## THE KIMBERLEY.

### BAKER SALVAGE CO. *v.* THE KIMBERLEY.

*(Circuit Court, E. D. Virginia. August 4, 1889.)*

In Admiralty. On appeal from district court. See *ante*, 289.
*Butler, Stillman & Hubbard*, for appellant.
*Sharp & Hughes*, for appellee.

HARLAN, Justice. This cause having come on to be heard in this court upon the appeal of John Higgins, master of the steamer Kimberley, and the claimant of the said steamer, her cargo and freight money,

from the decree of the district court entered in this cause on the 29th of June, 1888, and upon the pleadings and proofs presented in the said district court, and having been submitted by Messrs. Sharp & Hughes, as proctors for the libelant, and Messrs. Butler, Stillman & Hubbard, as proctors for the claimant, it is now by the court ordered, adjudged, and decreed as follows:

*First.* That the services in the libel mentioned are salvage services of a high degree of merit.

*Second.* That the libelant do recover of the said steam-ship Kimberley, her cargo and freight money, the sum of $100,000, with interest thereon from this date until the date of payment, and the costs.

*Third.* And it appearing to the court that by a consent decree entered in the district court on April 23, 1888, registered bonds of the city of New York of the par value of $200,000 were authorized to be transferred to Charles G. Ramsey and Walter H. Taylor as trustees, and have been so transferred, in trust to hold the same until the final decree of said court or of any appellate court to which the cause might proceed, and directing the said trustees, 10 days after service of such final decree, to sell and convert into cash the said bonds, or such portion of them as might be necessary, and out of the proceeds to satisfy any decree that might be rendered in favor of the libelant, if the same should not be previously satisfied or appealed from, and directing them also to pay the surplus of such bonds, if any, to the National Board of Marine Underwriters, as guarantors for the said John Higgins; and it appearing, further, that by the said decree of April 23, 1888, and by the final decree of the district court in this cause, that other bonds (of a class to be approved by the libelant's proctors) were directed to be transferred to the said trustees upon the like trust; and it appearing that they have been so transferred to the said trustees,—it is further ordered, adjudged, and decreed by the court that the said trustees do proceed to execute the said trust as set forth in the said decree of April 23, 1888, 10 days after the service upon them of a copy of this decree.